IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIRO VELAZQUEZ-RIVERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CIVIL NO. 12-1666 (CCC)<br>CRIMINAL NO. 08-0281 (CCC) |

OPINION AND ORDER

I.  PROCEDURAL BACKGROUND

Petitioner was indicted on August 5, 2008 in a seven-count, 29-page indictment. Seventy other defendants were also indicted. (Criminal No. 08-0821, Docket No. 3). Petitioner and others were charged with being members of a large-scale conspiracy to distribute heroin, cocaine, crack cocaine, marijuana, Oxycodone and Alprazolam, within 1,000 feet of a private or public school and/or public housing project and/or a playground, in violation of Title 21, United States Code, §§ 841(a)(1) and 860.  All in violation of Title 21, United States Code, § 846.  All were charged with predicate substantive offenses, and yet others faced firearms charges.  (Crim. No. 08-0281 (CCC), docket entry 3).

Petitioner entered a guilty plea on August 25, 2009. (Criminal No. 08-281, Docket No. 1015).  On March 8, 2010, he was sentenced to 120 month imprisonment. (Criminal No. 08-281, Docket No. 1479).  Petitioner appealed his sentence, which

1

CIVIL NO. 12-1666 (CCC)
CRIMINAL NO. 08-0281 (CCC)

sentence was affirmed on November 25, 2011. (Criminal No. 08-281, Docket No. 2692). In a terse judgment, the court found that petitioner failed to raise his waiver of right to appeal, and that right was deemed forfeited. United States v. Velazquez-Rivera, No. 10-1453 (1st Cir. November 25, 2011). Other matter were addressed *breviter*.

On August 14, 2012, petitioner timely filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Petitioner argues that his attorney labored under an actual conflict of interest (having been paid for his services by a third-party) and that he did not communicate to the government a counteroffer during the plea negotiations. On April 24, 2013, petitioner filed a supplemental memorandum in support of his quest to modify his sentence of March 8, 2010. The supplemental memorandum revolves around a firearms enhancement under U.S.S.G. § 2D1.1(b)(1) (Docket No. 4).

At a discovery conference held on September 29, 2014, argument was heard in relation to discovery matters. This matter is before the court on petitioner's motion for leave to conduct discovery pursuant to Rule 6(b) of the Rules Governing Section 2255 Proceedings filed by petitioner *pro se* on August 16, 2013. (Docket No. 5). Specifically, petitioner resolutely asserts that his Constitutional right to an adequate assistance of counsel as established by the Sixth Amendment was violated. Given the uncertainty of the reasons why his attorney would abandon his loyalty to petitioner, he

2

CIVIL NO. 12-1666 (CCC)
CRIMINAL NO. 08-0281 (CCC)

argues entitlement to relief since his attorney was paid by a third party "benefactor," reasons for which are unknown to petitioner. He seeks that a hearing be scheduled so that he may be heard, through his attorney.

II. LEGAL STANDARD FOR DISCOVERY IN 28 U.S.C. § 2255 PROCEEDINGS

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793 (1997); United States v. Swisher, 272 F.R.D. 553, 555 (D. Idaho 2011). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite "good cause". Pizzuti v. United States, 809 F. Supp. 2d 164, 175-76 (S.D.N.Y. 2011). The information sought must be material, and it is material "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Murray v. United States, 704 F.3d 23, 30 (1st Cir. 2013), quoting Smith v. Cain, ___U.S.___, 132 S.Ct. 627 (2012), which in turn quotes Cone v. Bell, 556 U.S. 449, 470, 129 S. Ct. 1769 (2009); Pinillos v. United States, 2013 WL 2356137 at*4 (D.P.R. May 29, 2013).

Petitioner submits a request for discovery in its broadest terms, referring to Rules

3

CIVIL NO. 12-1666 (CCC)
CRIMINAL NO. 08-0281 (CCC)

26 to 37, Federal Rules of Civil Procedure. He includes affidavits from family members all of which attest that neither petitioner nor family members retained the services of attorney Rafael Castro-Lang who represented petitioner in the criminal case, and who was paid $25,000 by a young woman who had brought the payment to the office, according to the attorney. (Docket No. 5-2 at 3). It is also attested that paralegal Jose Rosado (who worked for attorney Luis R. Rivera-Rodriguez) was paid $10.000 as a retainer for legal services. He was later paid another $15,000 (Docket No. 5-3, at 2-4). Other payments were also made. It appears that $49,000 was spent in the criminal case, $5,000 of which was provided by a relative of petitioner. A paralegal inmate letter is also included. A letter from attorney Castro Lang is included but is not translated into the English language.

Petitioner argues that his attorney was hired and paid by a third party which had ties to a criminal organization. The United States notes that the matter may require an evidentiary hearing, which will be scheduled after a further conference.

The request for discovery is denied. A combing of the affidavits and the 8-page request does not reflect any particularity in petition's request for discovery. Rather he makes a broad brush statement including Rules 26 through 37 of the Federal Rules of Civil Procedure. See DeVincent v. United States, 632 F.2d 145, 146 (1st Cir. 1980); Cruzado-Laureano v. United States, 2010 WL 4340987 at 2, n.2 (D.P.R., November 2, 2010). Rule 6 (b) of the Rules Governing Section 2255 Proceedings requires that

4

CIVIL NO. 12-1666 (CCC)
CRIMINAL NO. 08-0281 (CCC)

petitioner provide proposed interrogatories and requests for admission, and must specify requested documents.  Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007). Furthermore, while a evidentiary hearing will be held, due to the nature of the allegations, even assuming a conflict of interest, it is not at all clear that petitioner was ultimately prejudiced since he received the statutory minimum sentence.  Ultimately, petitioner must show that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have ben different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984).  Whether he may have qualified for safety valve, and the matter of a counteroffer will be subject of the hearing.  In any event, the request for discovery is imprecise and broad.  Indeed, it is nondescript.  Therefore, petitioner has not provided good cause to conduct discovery under Rule 6 (b)  of the Rules Governing Section 2255 Proceedings. See Bader v. Warden, New Hampshire State Prison, 488 F. 3d 483, 488 (1st Cir. 2007); cf. Blackledge v. Allison, 431 U. S. 63, 81-82, 97 S. Ct. 1621 (1977).

### III. CONCLUSION

Petitioner's request for an evidentiary hearing has been granted.  He is represented by appointed counsel as required by Rule 8 (c) of the Rules Governing Section 2255 Proceedings.  Sometimes discovery obviates the need for such a hearing.

5

CIVIL NO. 12-1666 (CCC)
CRIMINAL NO. 08-0281 (CCC)

That will not be the case here. Petitioner has not shown good cause to conduct discovery under the circumstances. Kiley v. United States, 260 F. Supp. 2d 248, 257 (D. Mass. 2003); cf. Jackson v. Marshall, 500 F. Supp. 2d 1, 6 (D. Mass. 2007).

In view of the above, the motion for discovery under Rule 6(b) of the Rules Governing Section 2255 Proceedings is DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this 22d of October, 2014.

S/ JUSTO ARENAS
UNITED STATES MAGISTRATE JUDGE